JAIME AND JOSÉ PIZÁ, Plaintiffs and Appellants, v. MANUEL GONZÁLEZ MARTÍNEZ, Defendant and Appellee.

No. 7881. Argued November 14, 1938.—Decided December 9, 1938.

*Juan B. Soto* and *Enrique Igaravídez* for appellants. *J. Sifre, Jr.,* and *Rafael Pastor* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Jaime and José Pizá filed in this court a motion entitled "Motion for Extension of time to file transcript of evidence," which concludes with a prayer that the order entered by the district court denying them the extension prayed for to file the transcript of evidence in that court be vacated, and that this court grant them an extension of thirty days for that purpose.

From the motion it appears that the petitioners brought a suit against Manuel González Martínez in the District Court of San Juan, where judgment was entered against them on May 14, 1935. They appealed from that judgment to this court and at the same time asked the District Court of San Juan to allow them to appeal *in forma pauperis* and to direct the stenographer to prepare the transcript of evidence without any cost. On June 5, 1935, the District Court of San Juan granted the appellants leave to appeal in *forma pauperis,* and on the 9th of that month the stenographer, Mr.

Oscar Gandía, asked for a reconsideration of this order. Reconsideration was denied on June 16, 1935, and an order entered which in part reads as follows:

"The stenographer, Oscar A. Gandía, is hereby ordered within a period of twenty days to prepare and present, without charging any fees to the plaintiffs for his services, a transcript of the oral and documentary evidence as is provided by law as well as of the minutes, orders, and exceptions during the course of the trial, for the purposes of the appeal taken from the judgment."

On September 25, 1935 the stenographer in question took an appeal from the order above mentioned, which appeal remained pending until it was finally dismissed on May 20, 1938 (52 P.R.R. 884). While the stenographer's appeal was being prosecuted, plaintiffs asked for no extensions whatever to file in due time the transcript of the evidence, resting, according to them, upon the belief that since an appeal had been taken by the stenographer from the order directing the preparation of the transcript of the evidence, the district court was without jurisdiction to grant extensions to appellants until the stenographer's appeal had been finally decided. After the stenographer's appeal had been dismissed and the mandate sent down to the district court, the appellants filed a motion in that court praying for an extension of time to file the transcript of the evidence, which was denied. They asked for reconsideration of the order just referred to, which was also denied by order of October 3, 1938, as appears from an uncertified copy thereof, which appellants have attached as an exhibit to the motion now before us.

From the order of last October 3 there appear the following facts, which, being pertinent to the case, we set forth: That the stenographer asked for and obtained seventeen extensions of time of thirty days each to file the statement of the case on his appeal to this court, the last request for extension bearing the date of March 30, 1937; that during all that time plaintiffs did nothing to ask for dismissal of the appeal taken by the stenographer to the Supreme Court, in

spite of the provisions of Rule 59 of this court, and, notwithstanding the fact that the statement of the case which should have been prepared could have been prepared in no more than an hour, according to the judge of the lower court, the plaintiffs waited for a year and a half to move for dismissal of the stenographer's appeal. The order of the District Court of San Juan concludes with the following paragraph:

"Appellants now pray for reconsideration of this last order; the appellee objects, and the court believes that it is without jurisdiction to grant it. But even if it had jurisdicion, we believe that the appellants have not been as diligent as they should have been. The defendant has had a judgment in his favor since May 14, 1935, and it is unjust that he should have been kept in court for so long a time. He had the right to have the appeal diligently prosecuted. *Interest reipublicae ut sit finis litium.*"

Appellants took no appeal whatever from the order aforesaid, and in the motion which we are now considering they do not pray for a new term within which to file the transcript of evidence, but that the order of the District Court of San Juan be vacated or set aside and that an extension of time be granted to file the transcript in that court.

██ The situation presented by appellants in the motion now before us is substantially the same as that in the case of *Marcano* v. *Méndez*, 35 P.R.R. 250. In that case the appellant asked for and obtained various extensions of time to file the transcript of the evidence, until on January 9, 1926, apparently when the last extension was about to expire, the stenographer asked for a last extension, which was denied by the court on February 12 following. Appellant took no appeal from the aforesaid order, but appeared before this court and filed a certain petition asking this court to exercise its discretion so as to permit the filing of the stenographic notes, and the court, in dismissing the appeal, expressed itself as follows:

"This is a case where the court within its discretion refused to extend the stenographer's time. From the order refusing to extend

the time no appeal was taken. We might possibly have reviewed the discretion if such an appeal was taken. As it is, the action of the court must be considered as *res adjudicata.*"

In this case, where no appeal has been taken from the order of the court denying the extension to file the transcript of evidence, we must consider, as in the case of *Marcano* v. *Méndez, supra,* that the order of the district court is *res adjudicata.* Furthermore, there is the additional element that even if a motion had been made for a new term, we would not have made good use of our discretion in granting it, since all the circumstances of the case show that plaintiffs were not diligent in the prosecution of their appeal.

In the case of *De Mauret* v. *García Cabrera,* 50 P.R.R. 674, a motion for a new term to file a transcript of evidence in the District Court of San Juan was denied, and this court, speaking through Mr. Justice Córdova Dávila, said:

"The appellant believes that the motion to dismiss should be denied, but asks that she be granted a new term within which to file the transcript of the evidence in the court below, in the event that this court should conclude that the term granted by the court to file such transcript has already expired. This court has always exercised its discretionary powers, granting new terms in the furtherance of justice *when the appellant has displayed proper diligence in perfecting an appeal.*" (Italics ours.)

No appeal having been taken from the order of the District Court of San Juan denying the extension and no petition having been made to this court for a new term, and it appearing furthermore that the appellants did not display proper diligence in the district court in the prosecution of their appeal, their motion for "extension of time to file transcript of evidence" must be denied.

Mr. Chief Justice Del Toro took no part in the decision of this case.